## Westmoreland County *versus* Fries.

1. The Act of April 4th 1868 provides, " All mortgages, judgments, recognisances and moneys owing upon articles of agreement for the sale of real estate * * * shall be exempt from all taxation except for state purposes." *Held,* that mortgages, judgments and recognisances, although not given for the sale of real estate, are exempt.

2. The words, " for the sale of real estate," are confined to articles of agreement.

October — 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Westmoreland county :* Of October and November Term 1874, No. 18.

This was an amicable action and case stated filed October 4th 1873, between the County of Westmoreland, plaintiff, and Jesse Fries, defendant.

The facts agreed upon were the following :—

" The defendant holds a mortgage against H. H. Null, recorded in the Recorder's office of said county, and judgments against Joseph, Samuel H., William M., Philip and F. M. Null, entered in the Court of Common Pleas of said county, for money lent, the

[Westmoreland County *v.* Fries.]

same not being for purchase-money of real estate. The assessor of the borough of West Newton assessed the same at $13,000, upon which the commissioners of Westmoreland county, on 1st January 1873, assessed the same at the rate of eight mills for county purposes, amounting to $104.

" If the court should be of opinion that the plaintiff is entitled to recover, then judgment to be entered for the plaintiff for the sum of one hundred and four dollars ; but if not, then judgment to be entered for the defendant."

Judgment was entered, November 10th 1873, for the defendant.

The plaintiff took a writ of error, and assigned for error: entering judgment for the defendant.

The Act of Assembly under which the question in this case arose, was passed April 4th 1868 (Pamph. L. 61), and applies to Westmoreland county, amongst others. It is stated at large in the opinion of the Supreme Court.

*J. Latta* and *Johnston & Moorhead,* for plaintiff in error.

*H. C. & J. A. Marchand,* for defendant in error.

Judgment was entered in the Supreme Court, November 4th 1875,

PER CURIAM.—The Act in question is entitled " An Act to promote the improvement of real estate by exempting mortgages and other securities from taxation, except for state purposes, in certain counties of this Commonwealth." The title makes no reference to the purchase-money of real estate as the intended subject. The enactment is : " That all mortgages, judgments, recognisances and moneys owing ' upon articles of agreement for the sale of real estate, made and executed after the passage of this act, shall be exempt from all taxation except for state purposes ; and that from and after the first day of December next no taxes of any description shall be assessed or collected, except for state purposes, on or from mortgages, judgments, recognisances or moneys owing upon articles of agreement for the sale of real estate, whether made and executed before or after .the passage of this act. Provided, that nothing in this act shall be construed to apply to mortgages, judgments, or articles of agreement given by corporations." It is very clear that the words " for the sale of real estate" are confined in their application to agreements for the sale thereof, and do not extend to mortgages, judgments and recognisances. They were introduced to limit the exemption of moneys due upon agreements ; otherwise the exemption would extend to agreements of all kinds upon which money might be due, many of which would be purely personal, and have no reference to the improvement of real estate, and thus conflict with the title of the act. Besides, recognisances

[Westmoreland County v. Fries.]

are never given for the *sale* of real estate, though often given for owelty in partition and upon judicial decrees. The exemption of mortgages is general because they encumber real estate, and by relieving the land from the tax which the mortgagee may by law add to his interest without usury, the ability of the mortgagor to improve his real estate is increased. We think the court committed no error in deciding that the mortgage was free from taxation, except for state purposes.

Judgment affirmed.